UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA MITCHELL YOUNG,

            Plaintiff,

v.                                                              Case No:  8:21-cv-389-WFJ-TGW

PASCO COUNTY DETENTION
CENTER, PAUL BAILEY, and
TIMOTHY CERASOLI,

            Defendants.

_____/

**ORDER**

This cause comes before the Court on Plaintiff Joshua Mitchell Young's Civil

Rights Complaint (Doc. 5) filed under 42 U.S.C. § 1983.  Mr. Young alleges that his

First and Fourteenth Amendment rights were violated when he was a pretrial detainee

at the Pasco County Detention Center.  Because Mr. Young fails to adequately plead

his claims, he will be required to file an amended complaint if he desires to proceed in

this case.

**I.     Legal Background**

    **A.     Section 1915**

Under 28 U.S.C. § 1915A, federal courts must conduct an initial screening of

civil suits brought by prisoners seeking redress from a governmental entity or its

employee to determine whether they should proceed.  Upon review, a court is required

to dismiss a complaint, or any portion thereof, in the following circumstances:

> (b)  Grounds for Dismissal.---On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint---
> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from such relief.

*See also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an *in forma pauperis* proceeding under the same circumstances).  A complaint is frivolous if it is without arguable merit either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Dismissals for failure to state a claim are governed by Rule 12(b)(6), Fed. R. Civ. P. *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6).").  Additionally, courts must read a plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519–520 (1972).

## B.     Section 1983

"[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes."  *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990).  To successfully plead a § 1983 claim, a plaintiff must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law."  *Id.* at 996–97.  Thus, a plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights.  *Id.*

2

II.     **Analysis**

A.     **The Complaint**

Mr. Young sues the Pasco County Detention Center, Detective Paul Bailey, and Captain Timothy Cerasoli, alleging violations of his procedural due process rights and retaliation under the First and Fourteenth Amendments. He alleges that he was a pretrial detainee at the Pasco County Detention Center when, on March 20, 2019, Officer Cerasoli and Detective Bailey placed him in "administrative segregation, solitar[y] confinement." Doc. 5 at 5. He received no paperwork, hearing, or notice of findings before his placement in solitary confinement. *Id.* He was not permitted "to make a statement to the responsible officials or to refute being in [solitary confinement]." *Id.* The placement in solitary confinement was "atypical and [a] significant hardship compared to regular jail life." *Id.* at 6. Mr. Young's access to phone calls, recreation, rehabilitative programs, and legal research was "reduced" while he was in solitary confinement. *Id.*

Mr. Young wrote "between 20–40 grievances," complaining that he was unfairly placed in solitary confinement "without [a] proper hearing or filing procedural paperwork." *Id.* Officer Cerasoli and Detective Bailey retaliated against Mr. Young by directing other officers to target him and by prolonging the duration of his time in solitary confinement. *Id.* Mr. Young remained in solitary confinement until October 31, 2019. *Id.*

Mr. Young alleges that "[t]he only injuries [he] sustained were mentally.  [He] became depressed and filled with paranoia."  *Id.* at 7.  Mr. Young seeks an award of damages in the amount of $250,000 from the Pasco County Detention Center, $15,000 from Detective Bailey, and $15,000 from Officer Cerasoli.  *Id.*

## B.    The Defendants

To state a viable section 1983 claim, the named defendants must be amenable to suit.  *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The capacity to sue or be sued shall be determined by the law of the state in which the district court is held.  Fed. R. Civ. P. 17(b).  Under Florida law, a detention center lacks the capacity to be sued.  *Maldonado v. Baker Cnty. Sheriff's Office*, 513 F. Supp. 3d 1339, 1348 (M.D. Fla. 2021).  Therefore, because the Pasco County Detention Center is not a legal entity amenable to suit, Mr. Young's claim against the Pasco County Detention Center is dismissed.

Mr. Young sues Detective Bailey and Officer Cerasoli in their official capacities.  A claim against a defendant in his official capacity is a suit against the entity of which the named defendant is an agent—in this case, Pasco County.  *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Owens v. Fulton Cnty*, 877 F.2d 947, 951 n.5 (11th Cir. 1989).  To attribute liability to the defendants in their official capacities, Mr. Young must allege that "the moving force of the constitutional violation" was an official policy, custom, or practice adopted by Pasco County.  *See Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020).  Mr. Young has alleged no such policy or custom.

Therefore, Mr. Young's official capacity claims against Detective Bailey and Officer Cerasoli are dismissed.

### C.   The Claims

#### 1.   First Amendment

The typical First Amendment claim by a prisoner involves a prisoner being punished for filing a grievance or a lawsuit concerning the conditions of his imprisonment. *See Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008).  To state such a claim, a prisoner must establish that: (1) his speech or act was constitutionally protected; (2) the defendant's retaliatory conduct adversely affected the protected speech; and (3) there is a causal connection between the retaliatory actions and the adverse effect on the speech. *Id.*  A prisoner's filing of a grievance concerning the conditions of his imprisonment is protected speech under the First Amendment. *Id.* The adverse action that the inmate suffers as a result of the prison official's alleged retaliation must be such that it "would likely deter a person of ordinary firmness from engaging in such speech[.]" *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008). The third element "asks whether the defendants were subjectively motivated to discipline because [the prisoner] complained of some of the conditions of his confinement." *Id.* at 1278.

It is unclear whether Mr. Young intends to allege that his initial placement in solitary confinement was retaliation for prior grievances against the defendants, or whether he intends to allege that the prolonging of his placement was retaliation for the grievances he filed during solitary confinement, or both.  In either instance, his

5

complaints about conditions of confinement may constitute protected speech.  And, his placement in solitary confinement, or the prolonging of his solitary confinement, may constitute an adverse action.  *See Jackson v. Hill*, 569 F. App'x 697, 699 (11th Cir. 2014) (ruling that the petitioner's allegation that was he was placed in solitary confinement after filing grievances was sufficient to state a claim for retaliation). However, Mr. Young fails to describe his grievances with any specificity, such as when he filed them, who he complained about, what he complaint about, and how the defendants responded.  Also, Mr. Young alleges no facts to describe the conditions of solitary confinement, nor any facts to establish that the defendants were subjectively motivated to discipline him because of his grievances.  Consequently, this claim is dismissed.

### 2.   Fourteenth Amendment

### a.   Procedural Due Process

"To make out a denial-of-procedural-due-process claim under § 1983,  a plaintiff must establish three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process." *Quintanilla v. Bryson*, 730 F. App'x 738, 743 (11th Cir. 2018) (citing *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003)).  A protected liberty interest is violated when a state action "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Atypical and significant hardship exists when a newly imposed condition of confinement "presents a dramatic departure from the ordinary conditions of prison life." *Smith v.*

*Deemer*, 641 F. App'x 865, 866, 867 (11th Cir. 2016); *Moulds v. Bullard*, 452 F. App'x 851, 853–54 (11th Cir. 2011).

"In *Hewitt v. Helms*, the Supreme Court described [] what process is due from prison officials making administrative-segregation determinations when a liberty interest is at stake:

> When the initial confinement decision is contemplated or made, whether for institutional safety reasons or to separate the prisoner pending an investigation, the prisoner must receive some notice of the charges against him and an opportunity to present his views, whether at a hearing or in writing.  Within a reasonable time after the confinement begins, prison officials must then conduct an informal, nonadversary evidentiary review of whether the confinement is justified. . . .
>
> Once a prisoner is confined in administrative segregation involving atypical and significant hardship, there must be some sort of periodic review of the confinement. . . .
>
> [A]dministrative segregation may not be used as a pretext for indefinite confinement of an inmate.  Not only must there be some sort of period review, but the periodic review must be meaningful; it cannot be a sham or a pretext.  Reviewing officials must be guided by whether confinement in administrative segregation remains necessary in light of current facts and valid administrative justifications.

*Quintanilla*, 730 F. App'x at 744 (quoting *Hewitt v. Helms*, 459 U.S. 460 (1983)) (alterations and citations omitted) (ruling that the prisoner's allegation that his placement in Tier II confinement without receiving a disciplinary hearing or any charge of misconduct was sufficient to state a claim for a violation of procedural due process).  Adequate process may consist of as much as "notice, an opportunity for rebuttal at [the prisoner's] initial hearing, and periodic review of [the prisoner's] status every 30 days." *Morefield v. Smith*, 404 F. App'x 443, 446 (11th Cir. 2010).

Mr. Young alleges that he received no paperwork, hearing, notice of findings, or opportunity to make a statement concerning his placement in solitary confinement. Liberally construing these allegations in Mr. Young's favor, the Court concludes Mr. Young has arguably stated a viable claim for a violation of his right to procedural due process. However, Mr. Young's case shall not proceed to service of process at this time because of the other deficiencies in the Complaint as identified herein.

### b.    Conditions of Confinement

Mr. Young alleges that his placement in solitary confinement resulted in reduced access to phone calls, recreation, rehabilitation programs, and legal research. Also, he alleges that, in one instance, the defendants directed other officers to target him. Construing these allegations liberally, Mr. Young may intend to assert a claim for unconstitutional conditions of confinement. To state that claim, he must allege an "extreme deprivation" and an official's "deliberate indifference." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). The deprivation must be "sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). This means that the prisoner "must show that a condition of confinement posed an unreasonable risk of serious damage to his future health or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). "To be deliberately indifferent a prison official must know of and disregard an excessive risk to inmate health or safety." *Purcell v. Toombs County*, 400 F.3d 1313, 1319 (11th Cir. 2005).

"Under current precedent, 'administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment.'" *Quintanilla*,

730 F. App'x at 746 (quoting *Sheley v. Dugger*, 833 F.2d 1420, 1428–29 (11th Cir. 1987)).  Nevertheless, in evaluating conditions of confinement, "[the courts] consider not only the food, clothing, sanitation, medical care, and personal safety [the prisoner] was afforded, but also the length of time in isolation." *Id.* (citations omitted) (explaining that "[t]he length of time is significant because a condition might be tolerable for a few days but intolerable over a long period").

Mr. Young fails to describe the conditions of solitary confinement with any detail much less allege that such conditions denied him a basic human need under contemporary standards of decency. *Cf. Hutto v. Finney*, 437 U.S. 678, 686–87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months.").  Also, he fails to describe how other officers targeted him or how the alleged targeting resulted in a deprivation of a constitutional right.  He alleges no facts to establish a prison official's deliberate indifference to his needs or safety.  Consequently, a claim based on unconstitutional conditions of confinement is dismissed.

### D.   Damages

Title 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."  "The physical injury requirement is not a bar to filing suit, only a limitation on recovery.  And § 1997e(e) limits a prisoner only from recovering damages that redress, or

9

compensate him for, a mental or emotional injury, when no physical injury is shown."
*Hoever v. Marks*, 993 F. 3d 1353, 1360 (11th Cir. 2021) (*en banc*).

Mr. Young fails to allege that he suffered any physical injury whatsoever.  In fact, he alleges that the *only* injuries he sustained were mental, including depression and paranoia.  As a result, Mr. Young's claim for compensatory damages must be dismissed pursuant to pursuant to Section 1997e(e).   However, Mr. Young's failure to allege a physical injury does not preclude him from recovering nominal damages. Nominal damages "are appropriate if a plaintiff establishes a violation of a fundamental constitutional right, even if he cannot prove an actual injury sufficient to entitle him to compensatory damages." *Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003).

### E.    Leave to Amend

Because this is Mr. Young's first complaint and the Court is conducting its required initial screening before any defendant has been served, it will *sua sponte* permit Mr. Young the opportunity to amend.  If Mr. Young can assert facts to state a claim for a violation of his First and Fourteenth Amendment rights, as described above, he may amend his complaint.  As noted above, Mr. Young should not name the Pasco County Detention Center as a defendant in an amended complaint.

Mr. Young is cautioned that the factual allegations in his amended complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a)(2).  A complaint must give "the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and

provide "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action[.]" *Twombly*, 550 U.S. at 555.   More than conclusory and vague allegations are required to state a cause of action under § 1983.  *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984).  In the amended complaint, Mr. Young must identify each claim for relief, clearly state relevant facts that support each claim, and explain the involvement of each defendant in the alleged constitutional violations.

To the extent that Mr. Young intends to bring a claim involving the grievance process, he is cautioned that a jail official's failure to process a grievance, without more, is not actionable under § 1983.  "[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure." *Thomas v. Warner*, 237 F. App'x 435, 437–38 (11th Cir. 2007).  Accordingly, a plaintiff's allegations "that prison officials failed to comply with the prison's voluntary grievance procedures does not state a due process claim." *Id.* at 438.

## III.   Conclusion

Accordingly, it is **ORDERED** that:

1. The Complaint is **DISMISSED WITHOUT PREJUDICE**.

   a. If Mr. Young wishes to amend his complaint to remedy the noted deficiencies, he shall file an Amended Complaint within **THIRTY DAYS** of the date of this order.

   b. To amend his Complaint, Mr. Young should complete a new civil rights complaint form, titling it "Amended Complaint."   The

Amended Complaint must include all of Mr. Young's claims in this action and may not refer back to, or incorporate, the original Complaint. The Amended Complaint shall supersede the original Complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

   c. The Amended Complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2. If Mr. Young fails to file an Amended Complaint within thirty days, or fails to seek an extension of time to do so, this order dismissing the Complaint without prejudice will become a final judgment.  "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without the plaintiff [amending his complaint or] seeking an extension.  And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Young must advise the Court of any change of address.  He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice.  Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Mr. Young a copy of both the standard prisoner civil rights complaint form and this order.

**DONE and ORDERED** in Tampa, Florida on December 9, 2021.


WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE


Copies furnished to:
Counsel of Record
Unrepresented Party