## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**JOSHUA MITCHELL YOUNG,**

        **Plaintiff,**

**v.**                            **Case No:  8:21-cv-389-WFJ-TGW**

**PAUL BAILEY,**
**TIMOTHY CERASOLI,**
**PASCO COUNTY SHERIFF'S**
**OFFICE, and**
**MAJOR S. JENKINS**

        **Defendants.**
_____/

### ORDER

This cause comes before the Court on Plaintiff Joshua Mitchell Young's Amended Complaint (Doc. 22) filed under 42 U.S.C. § 1983.  Mr. Young, a pretrial detainee at the Pasco County Detention Center, alleges that his constitutional rights were violated when, without an opportunity to object, he was twice held in solitary confinement for an extended duration of time and under unconstitutional conditions of confinement.

### I.    Legal Background

### A.    Section 1915

Under 28 U.S.C. § 1915A, federal courts must conduct an initial screening of civil suits brought by prisoners seeking redress from a governmental entity or its

employee to determine whether they should proceed.  Upon review, a court is required

to dismiss a complaint, or any portion thereof, in the following circumstances:

> (b)  Grounds for Dismissal.---On review, the court shall identify
> cognizable claims or dismiss the complaint, or any portion of the
> complaint, if the complaint---
> (1)  is frivolous, malicious, or fails to state a claim upon which
> relief may be granted; or
> (2)  seeks monetary relief from a defendant who is immune from
> such relief.

*See also* 28 U.S.C. § 1915(e)(2) (requiring dismissal of a complaint in an *in forma pauperis*

proceeding under the same circumstances).  A complaint is frivolous if it is without

arguable merit either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Dismissals for failure to state a claim are governed by Rule 12(b)(6), Fed. R. Civ. P.

*See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section

1915(e)(2)(B)(ii) tracks the language of Fed. R. Civ. P. 12(b)(6).").  Additionally,

courts must read a plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404

U.S. 519–520 (1972).

### B.    Section 1983

"[S]ection 1983 provides a method for vindicating federal rights conferred by

the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d

989, 997 (11th Cir. 1990).  To successfully plead a § 1983 claim, a plaintiff must allege

two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or

immunity secured by the Constitution or laws of the United States, and (2) that the act

or omission was done by a person acting under color of law." *Id.* at 996–97.  Thus, a

plaintiff must show that the defendant acted under the color of law or otherwise showed some type of state action that led to the violation of the plaintiff's rights. *Id.*

## II.   Analysis

### A.   The Amended Complaint

Mr. Young alleges that on March 20, 2019, he was placed in solitary confinement in the wing for mentally ill inmates. Doc. 22 at 5. He "received no paperwork, hearing, or notice of findings before/after [his] placement in solitary confinement." *Id.* He was not permitted "to make a statement to the responsible officials or to refute being in solitary confinement." *Id.*

The placement in solitary confinement was "atypical and a significant hardship compared to regular jail life." *Id.* at 6. Mr. Young's access to phone calls, recreation, rehabilitative programs, and legal research was reduced while he was in solitary confinement. *Id.* He was forced to hear "loud, ear-splitting screaming and banging on cell doors by mentally ill inmates multiple days of the week." *Id.* at 5–6. He was forced to hear the sound of a large fan that was "so loud it caused headaches." *Id.* He was forced "to smell human feces from inmates with mental health issues rubbing their [feces] on walls/showers etc." *Id.* at 6. He was forced "to smell [the] sewer drain due to the drain located in [his] cell with flies coming out." *Id.* He could not see out of his cell window because it was covered. *Id.* He had no privacy, including while using the restroom, because there were multiple cameras in his cell. *Id.* at 6.

Mr. Young exhausted his administrative remedies by submitting grievances and contacting the Internal Affairs Professional Standards Unit, but he received no help. *Id.* at 5. Pasco County has an official policy, custom, or practice of violating the Florida Administrative Code governing administrative segregation and solitary confinement. *Id.* at 5. Mr. Young remained in solitary confinement under these conditions for a period of 225 days, until October 31, 2019. *Id.* at 6.

Mr. Young was again placed in solitary confinement on December 28, 2019, after he was accused of fighting. *Id.* at 7. He received a disciplinary report and sentenced to 30 days of confinement. *Id.* But instead of placing him in the disciplinary confinement wing, he was again placed in the wing for mentally ill inmates. *Id.* Mr. Young did not receive notice, an opportunity the refute the evidence against him, or an "opportunity to present views to the officials who decide [his] status." *Id.* Again, he was subjected to the atypical and significant hardships described above. He remained in solitary confinement for 115 days, until April 22, 2020. *Id.* at 7.

Mr. Young suffered mental anguish, depression, sleep deprivation, and weight loss. Doc. 22 at 9. He seeks an award of damages in the amount of $10,000.00 for each constitutional violation. *Id.* Also, he seeks an injunction to prohibit the defendants from violating his constitutional rights. *Id.*

## B. The Defendants

Mr. Young sues the Pasco County Sheriff's Office. To state a viable section 1983 claim, the named defendants must be amenable to suit. *Dean v. Barber*, 951 F.2d

4

1210, 1214 (11th Cir. 1992).  The capacity to sue or be sued shall be determined by the law of the state in which the district court is held.  Fed. R. Civ. P. 17(b).  A sheriff's office lacks the capacity to be sued under Florida law. *See Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) ("Florida law has not established Sheriff's offices as separate legal entities with the capacity to be sued.").  Therefore, because the Pasco County Sheriff's Office is not a legal entity amenable to suit, it must be dismissed.  Any claim against the Pasco County Sheriff's Office may be brought only against the Sheriff in his official capacity.  *See id.*  Mr. Young should correct this.

Also, Mr. Young sues Detective Bailey, Captain Cerasoli, and Major Jenkins in their official capacities.  A claim against a defendant in his official capacity is a suit against the entity of which the named defendant is an agent—in this case, Pasco County.  *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Owens v. Fulton Cnty*, 877 F.2d 947, 951 n.5 (11th Cir. 1989).  To attribute liability to the defendants in their official capacities, Mr. Young must allege that "the moving force of the constitutional violation" was an official policy, custom, or practice adopted by Pasco County.  *See Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020).  To establish liability based on custom, Mr. Young must demonstrate a "widespread practice that, although not authorized by law or . . . express policy, is so permanent and well-settled as to constitute a custom or usage with the force of law." *Griffin v. City of Opa-Locka*, 26 F.3d 1295, 1308 (11th Cir. 2001).

Mr. Young alleges that Pasco County has an official policy, custom, or practice of violating the Florida Administrative Code governing administrative segregation and

solitary confinement.  He alleges that, with the approval of Major Jenkins, Captain Cerasoli placed him in solitary confinement.  He further alleges that Captain Cerasoli refused to release him without Detective Bailey's approval.  At this stage, these allegations are sufficient to attribute liability to the defendants in their official capacities.

### C.    The Claims

#### 1.    Equal Protection Clause

Mr. Young alleges that his placement in solitary confinement violated his rights under the Equal Protection Clause.  Doc. 22 at 3.  "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y, Dep't of Corr.*, 467 F.3d 1311, 1318–19 (11th Cir. 2006) (citing *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001)).

Mr. Young's allegations establish none of the elements of an equal protection claim.  He alleges no facts that others similarly situated to him were treated more favorably, that the difference in any such treatment was based on a constitutionally protected status, or that the defendants were motivated by a discriminatory intent or purpose.  Consequently, his equal protection claim must be dismissed without prejudice.

#### 2.    Procedural Due Process

Mr. Young alleges that he received no paperwork, hearing, notice of findings,

or opportunity to make a statement concerning his placement in solitary confinement. In its review of Mr. Young's initial Complaint (Doc. 5), the Court determined that Mr. Young has arguably stated a viable claim for a violation of his right to procedural due process. (Doc. 16) Mr. Young may proceed on this claim.

### 3.   Conditions of Confinement

To state a claim for unconstitutional conditions of confinement, Mr. Young must allege an "extreme deprivation" and an official's "deliberate indifference." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). The deprivation must be "sufficiently serious to constitute a denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). This means that the prisoner "must show that a condition of confinement posed an unreasonable risk of serious damage to his future health or safety." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). "To be deliberately indifferent a prison official must know of and disregard an excessive risk to inmate health or safety." *Purcell v. Toombs County*, 400 F.3d 1313, 1319 (11th Cir. 2005).

"Under current precedent, 'administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment.'" *Quintanilla*, 730 F. App'x at 746 (quoting *Sheley v. Dugger*, 833 F.2d 1420, 1428–29 (11th Cir. 1987)). Nevertheless, in evaluating conditions of confinement, "[the courts] consider not only the food, clothing, sanitation, medical care, and personal safety [the prisoner] was afforded, but also the length of time in isolation." *Id.* (citations omitted) (explaining that "[t]he length of time is significant because a condition might be

7

tolerable for a few days but intolerable over a long period").

Mr. Young alleges that his placement in solitary confinement resulted in reduced access to phone calls, recreation, rehabilitation programs, and legal research. He was subjected to atypical and significant hardships, including being forced to hear loud noises that caused him headaches.   He was forced to smell human feces, could not see out of his window, and had no privacy because of the cameras placed in his cell.  He was twice placed in solitary confinement, first for 225 days and subsequently for 115 days.  Construing these allegations liberally, they are sufficient to arguably state a claim for unconstitutional conditions of confinement.  *See Hutto v. Finney*, 437 U.S. 678, 686–87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *Chandler v. Crosby*, 379 F.3d 1278, 1295 (11th Cir. 2004) ("A condition which might not ordinarily violate the Eighth Amendment may nonetheless do so if it persists over an extended period of time.") (citations omitted).   Consequently, Mr. Young may proceed on a claim of unconstitutional conditions of confinement.

### D.    Leave to Amend

Mr. Young may proceed on his claims that his placement in solitary confinement violated his due process rights and subjected him to unconstitutional conditions of confinement.   The Court will *sua sponte* permit Mr. Young one final opportunity to amend his Equal Protection Clause claim.   If Mr. Young can assert facts to state a claim for a violation of his Equal Protection rights, as described above, he may amend his Amended Complaint.

III.   **Conclusion**

Accordingly, it is **ORDERED** that:

1.   The Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

    a.   If Mr. Young wishes to amend his Amended Complaint to remedy the noted deficiencies, he shall file a Second Amended Complaint within **THIRTY DAYS** of the date of this order.

    b.   To amend his Amended Complaint, Mr. Young should complete a new civil rights complaint form, titling it "Second Amended Complaint." The Second Amended Complaint must include all of Mr. Young's claims in this action and may not refer back to, or incorporate, the original Complaint or the Amended Complaint. The Second Amended Complaint shall supersede the Amended Complaint. *Malowney v. Fed. Collection Deposit Group*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999).

    c.   The Second Amended Complaint shall be subject to initial screening under 28 U.S.C. § 1915A.

2.   If Mr. Young fails to file a Second Amended Complaint within thirty days, or fails to seek an extension of time to do so, this order dismissing the Amended Complaint without prejudice will become a final judgment. "[A]n order dismissing a complaint with leave to amend within a specified time becomes a final judgment if the time allowed for amendment expires without

the plaintiff [amending his complaint or] seeking an extension.  And when the order becomes a final judgment, the district court loses 'all its prejudgment powers to grant any more extensions' of time to amend the complaint." *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 720–21 (11th Cir. 2020) (quoting *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)).

3. Mr. Young must advise the Court of any change of address.  He must entitle the paper "Notice to the Court of Change of Address" and must exclude any motions from the notice.  Failure to inform the Court of an address change may result in the dismissal of this case without further notice.

4. The Clerk is **DIRECTED** to mail to Mr. Young a copy of both the standard prisoner civil rights complaint form and this order.

**DONE and ORDERED** in Tampa, Florida on March 16, 2022.


_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**


Copies furnished to:
Counsel of Record
Unrepresented Party