UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA MITCHELL YOUNG,

        Plaintiff,

v.                                                                                  Case No:  8:21-cv-389-WFJ-TGW

PAUL BAILEY,
TIMOTHY CERASOLI, and
MAJOR S. JENKINS,

        Defendants.
_____/

## ORDER

Defendants Paul Bailey, Timothy Cerasoli, Major S. Jenkins, and Sheriff Chris Nocco[1] move to dismiss (Doc. 49) the Third Amended Complaint (Doc. 47) filed under 42 U.S.C. § 1983 by Plaintiff Joshua Mitchell Young.  On November 22, 2022, the Court directed Mr. Young to respond to the Motion to Dismiss within twenty-one days.  (Doc. 50)  The Court cautioned that "the granting of the motion to dismiss would represent a final adjudication in this case and may foreclose subsequent litigation on the matter."  (*Id.*)  That order was mailed to the address on file for Mr. Young and was not returned as undeliverable.

---

[1] Pasco County Sheriff Chris Nocco joins the Motion to Dismiss.  However, Mr. Young lists neither Sheriff Nocco nor the Pasco County Sheriff's Office as a defendant on the prisoner civil rights complaint form for his Third Amended Complaint.

To date, Mr. Young has neither responded to the Motion to Dismiss nor sought an extension of time to do so. Consequently, the Court construes the Motion to Dismiss as unopposed. Local Rule 3.01(c) (M.D. Fla.) ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

## I.     Background

Mr. Young, a pretrial detainee at the Pasco County Detention Center, brought this action under § 1983 alleging that his constitutional rights were violated when, without an opportunity to object, he was twice held in solitary confinement for an extended duration of time and under unconstitutional conditions of confinement. Two prior screening orders under 28 U.S.C. § 1915A (Docs. 16 and 23) identified deficiencies in Mr. Young's initial Complaint (Doc. 5) and Amended Complaint (Doc. 22). The Court permitted Mr. Young a third opportunity to plead his claims, and Mr. Young filed a Second Amended Complaint. (Doc. 24)  The defendants moved to dismiss the Second Amended Complaint. (Doc. 44)  Mr. Young sought leave to amend (Doc. 46), and the Court granted that request (Doc. 48).

## II.    Third Amended Complaint

Mr. Young now proceeds on his Third Amended Complaint. (Doc. 14)  He sues Detective Paul Bailey, Captain Timothy Cerasoli, and Major S. Jenkins in their individual capacities. (Doc. 47 at 2–3)  He asserts two claims: (1) that he was denied procedural due process and (2) that he was subjected to unconstitutional conditions of confinement.

Mr. Young alleges that he was held in a solitary confinement wing for mentally ill inmates called MED3/J-wing on two occasions: (1) for approximately 225 days, from March 20, 2019, to October 31, 2019, and (2) for approximately 115 days, from December 28, 2019, to April 22, 2020. He alleges that he received no paperwork, hearing, or notice of findings before or after his placement in solitary confinement. He was permitted neither to make a statement to the responsible officers nor to refute being in solitary confinement. On December 28, 2019, he received a disciplinary report for participating in a fight. Otherwise, he received no disciplinary reports.

Mr. Young alleges the conditions in solitary confinement were atypical and a significant hardship compared to regular jail life. His access to phone calls, visits, showers, recreation, rehabilitative programs, and legal research was reduced. He was forced to hear loud screaming and banging on cell doors by mentally ill inmates. He was forced "to smell human feces from inmates with mental health issues rubbing their poop on walls/showers etc." and forced "to smell 'sewer drain' due to the drain located in [the] cell with flies coming out." (Doc. 47 at 7) He could not see out of his cell window because a cover was placed over the window. He was forced to hear a fan that was so loud it caused headaches. He had no privacy because cameras recorded him daily, including when he used the restroom.

Mr. Young alleges that he exhausted his administrative remedies by submitting both electronic and paper grievances. Also, he contacted the Internal Affairs Investigative Unit, including Inspector J. Christensen, who afforded him no help.

Mr. Young alleges that the defendants are responsible because "they each are the only ones who dictated and determined [his] status." (Doc. 47 at 9) He alleges that Major Jenkins is liable because she was Captain Cerasoli's direct supervisor and "signed off on his actions." Captain Cerasoli is liable because he ordered that Mr. Young be moved to solitary confinement. Detective Bailey is liable because Captain Cerasoli would not release Mr. Young from solitary confinement until Detective Bailey approved the release. Finally, although he lists neither the Pasco County Sheriff nor the Pasco County Sheriff's Office as a defendant on the prisoner civil rights complaint form, he alleges that the "Pasco County Sheriffs" are liable because "they employ these officers and allow violations to happen." (Doc. 47 at 9)

As a result of his time in solitary confinement, Mr. Young suffered mental torture and sleep deprivation. He seeks to recover $10,000.00 in damages for each claim from each defendant.

### III.  Standard of Review

A *pro se* complaint is entitled to a generous interpretation. *Haines v. Kerner*, 404 U.S. 519 (1972). On a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the Court must view the allegations in the complaint in the light most favorable to the plaintiff, and consider the allegations in the complaint, including all reasonable inferences, as true. *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

Even so, the complaint must meet certain pleading requirements. Under Rule 12(b)(6), a complaint that fails to "state a claim upon which relief can be granted" is

subject to dismissal. In reviewing a motion to dismiss, a court considers the complaint, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). To withstand a motion to dismiss, the complaint must state a claim to relief that is plausible on its face; that is, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). A pleading that offers only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. "Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). Further, under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." If the court cannot "infer more than the mere possibility of misconduct," the complaint does not show entitlement to relief. *Iqbal*, 556 U.S. at 679.

### IV. Analysis

Defendants Bailey and Cerasoli argue, and the Court agrees, that any claims asserted against them should be dismissed because the Third Amended Complaint is an impermissible shotgun pleading. Mr. Young only briefly mentions Defendants

Bailey and Cerasoli.  In setting forth facts to support his first claim (which covers his time in solitary confinement from March 20, 2019, to October 31, 2019), Mr. Young alleges that he "was placed on Administrative segregation per at that time a Sgt. Timothy Ceresoli [sic] and detective Paul Bailey." (Doc. 47 at 6)  Next, he writes, "statement #2 explains each defendants involvement." (*Id.* at 7)  When describing his second claim (which covers his time in solitary confinement from December 28, 2019, to April 22, 2020), he alleges, "Officer T. Ceresoli [sic] cause he ordered the move to AD-SEG. And Det. Bailey Cause Ceresoli [sic] wouldn't release me to GP until Det. Bailey also approved the release." (*Id.* at 9)  These vague and conclusory allegations are insufficient to afford Defendants Bailey and Cerasoli "adequate notice of the claims against them and the grounds upon which each claim rests." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (recognizing four basic types of shotgun pleadings, including a complaint that that is replete with conclusory and vague facts).

Defendant Jenkins argues, and the Court agrees, that any claims asserted against her should be dismissed because Mr. Young fails to allege sufficient facts to establish supervisory liability.  "It is well-established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Christmas v. Harris Cnty., Ga.*, 51 F.4th 1348, 1355 (11th Cir. 2022).  "[S]upervisory liability under § 1983 occurs either when a supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising

6

official and the alleged constitutional deprivation." *Id.* (quotations omitted). A causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct alleged deprivation, and [she] fails to do so" or "when a supervisor's custom or policy results in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." *Id.* at 1360 (citations omitted).

Mr. Young mentions Major Jenkins only once in his Third Amended Complaint when he alleges, "The major cause she's who captain Ceresoli [sic] whom at that time was an investigative unit sgt. His direct supervisor was the Major S. Jenkins whom signed off on his actions." (Doc. 47 at 9)  Mr. Young alleges no facts to establish (1) that Major Jenkins personally participated in the alleged constitutional deprivation, (2) a history of widespread abuse that put Major Jenkins on notice of the need to correct an alleged constitutional deprivation, or (3) a custom or policy that results in deliberate indifference to constitutional rights.  Mr. Young's singular allegation that Major Jenkins "signed off" on Defendant Cerasoli's action is insufficient to plead a claim of supervisory liability.

Finally, to the extent that Mr. Young asserts a claim against Sheriff Chris Nocco or the Pasco County Sheriff's Office, any such claim must be dismissed.  As the Court explained in a prior order (Doc. 23 at 5), the Pasco County Sheriff's Office is not a legal entity amenable to suit.  And, although Mr. Young alleges that the "moving force of the Constitutional violation was an official policy, custom, practice adopted by

Pasco County," (Doc. 47 at 6 and 8) he fails to allege sufficient facts to establish liability against Sheriff Nocco in his official capacity.

## IV.  Conclusion

Accordingly, it is **ORDERED** that the unopposed Motion to Dismiss the Third Amended Complaint (Doc. 49) is **GRANTED**. The Clerk is directed to **CLOSE** this case.

**DONE and ORDERED** in Tampa, Florida on January 31, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party